WALTER BAKER & CO., Limited, v. NEW YORK, N. H. & H. R. CO.

(District Court, S. D. New York. March 27, 1908.)

1. SHIPPING—ACTION FOR LOSS OF CARGO—DEFENSES—CONTRACT GIVING CARRIER BENEFIT OF INSURANCE.

A provision in a bill of lading that the carrier shall have the benefit of any insurance effected by the shipper is not available as a defense to an action by the shipper against the carrier for loss of the goods in transit.

2. SUBROGATION—AGREEMENT FOR SUBROGATION—IMPLIED RIGHT.

It is not necessary that a right of subrogation should be expressed. It may be implied from the nature of a transaction.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Subrogation, § 68.]

In Admiralty. Suit for loss of goods.

Horace L. Cheyney, for libellant.
William Greenough, for respondent.

ADAMS, District Judge. This action was brought by Walter Baker & Company to recover from the New York, New Haven &

Hartford Railroad Company, the loss occasioned through the sinking of 815 bags of cocoa shipped by the libellant at New York on the 21st of November, 1906, for transportation and delivery to the libellant at Milton Mills, Massachusetts, for which a bill of lading was duly issued. The contract contained the clause:

"Any carrier or party liable on account of loss of or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property."

All of the allegations of the libel are admitted except as to the value of the cocoa. The defence relied upon is that contained in the clause above quoted, the answer stating:

"Sixth: Upon information and belief, that the libellant, prior to the shipment of said eight hundred and fifteen bags of cocoa, had effected insurance against loss or damage thereto from risks, among which the loss which actually occurred was included, to the full value thereof, and that at the time of the loss in question said cocoa was fully covered by insurance, but this respondent alleges that it has not, in accordance with the provisions of said contract with the libellant, had the benefit of such insurance, nor have the libellants given or offered to give it the benefit of such insurance."

It appears that the libellant was insured, but not that the insurance has been collected.

The respondent's contention is that the libellant should first proceed against the underwriter, and the fact of its not having done so constitutes a defence to the action. That contention, however, has been expressly negatived by the decision in Inman v. South Carolina Ry. Co., 129 U. S. 128, 9 Sup. Ct. 249, 32 L. Ed. 612, where it was held that a similar provision in a bill of lading was not available as a defence. The court there said (pages 139, 140 of 129 U. S., page 252 of 9 Sup. Ct. [32 L. Ed. 612]):

"That defence sets up the clause in the bills of lading providing that 'the company incurring such liability shall have the benefit of any insurance which may have been effected upon or on account of said cotton'; and it was averred that the plaintiffs had fully insured the cotton against the risk of fire, but that defendant had not had the benefit of such insurance, nor had the plaintiffs given or offered to give to it such benefit.

If this bill of lading had contained a provision that the railroad company would not be liable unless the owners should insure for its benefit, such provision could not be sustained; for that would be to allow the carrier to decline the discharge of its duties and obligations as such, unless furnished with indemnity against the consequences of failure in such discharge. Refusal by the owners to enter into a contract so worded would furnish no defence to an action to compel the company to carry, and submission to such a requisition would be presumed to be the result of duress of circumstances, and not binding. But the clause in question bears no such construction and obviously cannot be relied on as in itself absolving the company from liability, for by its terms the benefit of insurance was only to be had when a legal liability had been incurred, and in favor of 'the company incurring such liability.' Since the right to the benefit of insurance at all depended upon the maintenance of plaintiffs' cause of action, the fact of not receiving such benefit could not be put forward in denial of the truth or validity of their complaint."

The respondent seeks to distinguish this authority upon the ground that here there was no provision in the contract for subrogation, but it is not necessary that the right should be expressed. An insurer of goods, upon paying to the insured the amount of a loss becomes,

without any stipulation to such effect, subrogated to the assured's right of action. Liverpool Steam Co. v. Phenix Ins. Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788.

There will be a decree for the libellant for $18,594.82, unless the respondent desires a reference to ascertain the correctness of this amount.