## THE WINDBER.

(District Court, N. D. California, First Division. October 3, 1913.)

No. 15,333.

ADMIRALTY (§ 61*)—INSURANCE—LOSS OF GOODS—LIBEL.

Where a bill of lading for goods, alleged to have been lost on a steamship, provided that, in case of loss for which the carrier would be liable, it should have the benefit of any insurance thereon, and, on a libel for such loss, the carrier alleged that libelant was covered by insurance, but that the carrier had no knowledge as to whether any portion thereof had been collected, etc., the carrier was entitled to discovery of the insurance policy, together with what, if any, amount had been collected thereon, without reference to its right to the benefit of the insurance.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 497–506; Dec. Dig. § 61.*]

In Admiralty. Libel by the United States Steel Products Company against the American steamer Windber, in which the Pacific American

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Fisheries, a corporation, filed claim. On exceptions to a portion of claimant's answer demanding discovery of the amount of insurance carried by libelant on the goods in question and whether any portion thereof had been collected. Granted.

Andros & Hengstler, of San Francisco, Cal., for libelant.

Page, McCutchen, Knight & Olney, of San Francisco, Cal., for respondent.

DOOLING, District Judge. Exceptions of libelant to the following portion of claimant's answer:

"IV. That said bills of lading further provided that in case of any loss, detriment, or damage done to or sustained by the said goods, or any part thereof, for which the carrier would be liable to the shipper or consignee, the carrier should have the full benefit of any insurance that may have been effected upon, or on account of, said goods. That claimant is informed and believes, and therefore alleges, that libelant herein was covered by insurance on said merchandise; but claimant has no knowledge as to whether libelant has collected any portion of said insurance, and for that reason demands that proof of the same be made that, if said goods were damaged from any cause for which claimant is liable, claimant herein claims the benefit of said insurance."

It was held in Phœnix Insurance Co. v. Erie & Western Transportation Co., 117 U. S. 312, 6 Sup. Ct. 1176, 29 L. Ed. 873, that a provision in a bill of lading that the carrier, when liable for the loss, shall have the full benefit of any insurance that may have been effected upon the goods, is valid as between the carrier and shipper, and that the right, by way of subrogation, of an insurer, upon paying the loss, to recover over against third persons, is only the right which the assured himself has. And in Liverpool Steam Co. v. Phœnix Insurance Co., 129 U. S. 397, 9 Sup. Ct. 469, 32 L. Ed. 788, the same doctrine is impliedly, if not directly, reiterated. The rights of the various parties, the shipper, the carrier, and insurer, must be determined by the provisions of the bill of lading and the policy of insurance, and in the case last above cited the failure of such a defense as is here set out arose from the bill of lading itself.

In Walter Baker Co. v. New York, N. H. & H. R. Co. (D. C.) 162 Fed. 496, the defense was based on the proposition that the libelant should first proceed against the insurer, which defense was held untenable. In Inman v. South Carolina Ry. Co., 129 U. S. 128, 9 Sup. Ct. 249, 32 L. Ed. 612, the defense was held unavailable because of express provisions in the policy that:

"Any act of the insured waiving or transferring or tending to defeat or decrease any such claim against the carrier, * * * whether before or after the insurance was made under this policy, shall be a cancellation of the liability of the said insurance company"

—the court holding that under such provision the insurance could not be made available to the carrier. In the case at bar it is impossible at this stage of the proceedings to determine just what the rights of the various parties are. The provisions of the insurance policy are not before the court, and, being unknown to claimant, cannot be set out in his answer. What is really sought by the parts of the answer excepted to is that the provisions of the insurance policy be disclosed,

and that proof be made as to what, if any, amount has been collected thereon. When these facts are disclosed, they may or may not constitute a defense pro tanto to the libel. But whether they do constitute such defense or not cannot be ascertained in advance of such disclosure.

The exceptions other than those dealing with the substance, rather than the form, do not seem to require any discussion. I am of the opinion that claimant is entitled to the information sought, and the exceptions to the answer are therefore overruled.